UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **STONERIDGE CONTROL DEVICES, INC.,** | 2:22-CV-10289-TGB-EAS |
| Plaintiff, | HON TERRENCE G. BERG |
| vs. | |
| **ZF NORTH AMERICA, INC., ET AL.,** | **ORDER RESOLVING MOTIONS TO DISMISS (ECF NOS. 19, 20)** |
| Defendants. | |

In this patent infringement suit, Plaintiff Stoneridge Control Devices, Inc. sues several companies affiliated with ZF Friedrichshafen AG, a German manufacturer of automotive components. Stoneridge claims that these companies ("the ZF Entities") are infringing one of Stoneridge's patents. The patent covers an automotive parking brake with an electronic actuator.

Pending now are two motions to dismiss which raise overlapping issues. In the first, ZF Friedrichshafen AG ("ZF AG") contends that it is not subject to personal jurisdiction in this court, and that the Complaint fails to state a claim for two reasons: first, because the patent is indefinite; and second, because the Complaint fails to allege compliance with a statutory requirement that patented products must be marked as

1

patented. ECF No. 19. The second motion to dismiss, ECF No. 20, is filed by all other defendants, and raises identical indefiniteness and marking arguments, but no arguments about personal jurisdiction.

Both motions are fully briefed. For the reasons set forth below, Defendants' motions to dismiss on the basis of indefiniteness will be denied, but Stoneridge's claim for pre-suit damages will be dismissed without prejudice to amendment. ZF AG's motion to dismiss for lack of personal jurisdiction will be granted, but Stoneridge will be given leave to amend its jurisdictional allegations.

## I.  BACKGROUND

The following allegations are drawn from Stoneridge's complaint. Stoneridge designs and manufactures automotive components. At issue here is U.S. Patent No. 7,021,415 ("the '415 Patent"). The '415 Patent covers a parking brake with an electronic actuator, "meaning the parking brake can be applied and released by an electrical signal rather than through a mechanical connection with the brake caliper." Compl., ECF No. 1, PageID.4. The '415 patent was issued in 2006.

The ZF Entities supply various components to automakers, which are referred to in the Complaint as "original equipment manufacturers" or "OEMs". *Id.* at PageID.5. Relevant here, the ZF Entities sell electronic parking brake components to Ford, Chrysler, General Motors, Honda, and BMW.

Stoneridge says that two electronic parking brake actuators or electronic parking brake systems sold by the ZF Entities infringe the '415 Patent. These products are "Accused Actuator #1" and "Accused Actuator #2."

The three-count Complaint accuses the defendants of directly infringing the '415 Patent (Count I), inducing various OEMs to infringe the '415 Patent (Count II), and contributing to the OEMs' infringement of the '415 Patent (Count III).

## II. DISCUSSION

### a. Whether ZF AG is subject to personal jurisdiction

Because this is a patent infringement case, this Court looks to the Federal Circuit's decisions on the personal jurisdiction inquiry. *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003) (explaining that Federal Circuit, not regional circuit law governs the personal jurisdiction inquiry when it is "intimately involved with the substance of the patent laws"). In all cases, the "personal jurisdiction determination for an out-of-state defendant is a two-step inquiry: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012) (internal marks and citation omitted).

Personal jurisdiction comes in two forms: general, and specific. *Id.* General jurisdiction over a defendant arises when that defendant's

contacts with the forum state are so "continuous and systematic" that jurisdiction is appropriate even when the cause of action has no connection to the defendant's contacts with the state. *Id.* at 1345-46. Specific jurisdiction, by contrast, is limited to claims that arise out of or are connected to a defendant's contacts with a forum state. The Court will consider whether ZF AG is subject to either general or specific personal jurisdiction in Michigan.

### i. Whether ZF AG is subject to general personal jurisdiction in Michigan

Under Michigan's "long arm" statute, a corporation is subject to general personal jurisdiction if it (1) is incorporated in Michigan; (2) consents to be subject to jurisdiction in Michigan; or (3) carries on a continuous and systematic part of its general business in Michigan. MCL § 600.711. ZF AG is a foreign corporation and has not consented to jurisdiction in Michigan, so neither of the first two statutory bases confer jurisdiction.

Accordingly, the Court must determine whether ZF AG carries on continuous systematic business in Michigan—satisfying Michigan's long arm statute—and whether exercise of jurisdiction would comport with constitutional due process requirements. Because Michigan's long-arm statute "extends to the limits imposed by federal constitutional due process requirements" the two questions "become one." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016).

4

Typically, a corporation is said to have "continuous and systematic" contacts in the state where it is incorporated and where it has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). In an "exceptional case," a corporation may be subject to general jurisdiction elsewhere if its operations in another forum are "so substantial and of such a nature as to render the corporation at home in that State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quotation and internal marks omitted).

Stoneridge points to the LinkedIn profiles of six purported ZF AG employees, all of whom, Stoneridge says, appear to be located in Michigan. Further, Stoneridge contends, these six people are key personnel, not low-level employees. ZF AG responds with a sworn declaration from Michael Way, Assistant Secretary and Senior Counsel for many of the ZF Entities. He attests that ZF AG is incorporated in Germany and has its principal place of business in Germany too. Way Decl., ECF No. 19-1, PageID.123-24. He further testifies that ZF AG has never maintained a place of business in Michigan, nor has it systematically and continuously conducted business in the state. *Id.*

By itself, evidence that several ZF AG employees are located in Michigan is insufficient to subject the corporation to general personal jurisdiction here. The Supreme Court has specifically rejected the notion that a corporation is subject to general personal jurisdiction "in every State in which [it] engages in a substantial, continuous, and systematic

5

course of business." *Daimler*, 571 U.S. at 137-38 (citation and internal marks omitted). As another court in this district recently explained, even carrying on significant business and employing hundreds of people in a particular state would not necessarily be enough to render a corporation "at home" there for purposes of general personal jurisdiction without more. *Sullivan v. LG Chem, Ltd.*, 585 F. Supp. 3d 992, 1000-1001 (E.D. Mich. Feb. 14, 2022) (investing "hundreds of millions of dollars" and employing "hundreds of people" in Michigan would not subject South Korean electronics manufacturer to general personal jurisdiction in Michigan). And although some of the numerous domestic ZF corporations may carry on operations in Michigan or maintain a place of business in the state, "Michigan law presumes that, absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities" for purposes of personal jurisdiction. *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 850 (6th Cir. 2017) (quoting *Seasword v. Hilti, Inc.*, 537 N.W.2d 221, 224 (1995)).

Stoneridge has simply not alleged the sort of conduct required to subject ZF AG to general personal jurisdiction in Michigan.

### ii. Whether ZF AG is subject to specific personal jurisdiction in Michigan

As discussed above, because this is a patent case, the Court must looks to the precedents of the United States Court of Appeals for the Federal Circuit when evaluating personal jurisdiction. *Coyle*, 340 F.3d at

6

1348. When a defendant is not subject to general jurisdiction in a forum state, a federal district court may still exercise specific jurisdiction over the defendant if the case "arises out of" or "relates to" the defendant's activity in that state. *Breckenridge Pharm., Inc. v. Metabolite Lab'ys, Inc.*, 444 F.3d 1356, 1360-61 (Fed. Cir. 2006). Specific jurisdiction is only proper if two conditions are met. First, the forum state's "long-arm statute" must allow the exercise of jurisdiction, and second, the exercise of jurisdiction must satisfy due process requirements. *Id.*

Because the scope of Michigan's long-arm statute—if satisfied—extends to the limits of constitutional due process, the Court's analysis begins with the constitutional due process factors. The Federal Circuit directs trial courts to consider three factors when determining whether exercising jurisdiction over an out-of-state defendant satisfies due process: (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities in the forum; and (3) whether the exercise of jurisdiction is reasonable and fair. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1351 (Fed. Cir. 2002) (citation omitted).

ZF AG maintains that it has not directed any activities at Michigan, because it "does not conduct any business in Michigan relating to the accused products identified in the Complaint." ECF No. 19, PageID.104. Accordingly, ZF AG says, the injuries alleged in the complaint could not

7

"arise out of or relate to" ZF AG's contacts with Michigan even if it had such contacts. *Id.* In his declaration, Way attests that "[ZF AG] does not make, use, sell, offer for sale, or import the accused products in this case in this judicial district or the United States." ECF No. 19-1, PageID.124. Stoneridge responds that ZF AG supplies automotive components to American automakers, including electronic parking brake components, and that *some* ZF company is manufacturing, importing, marketing, or selling the allegedly infringing products.

Plaintiff's specific allegations about this court's jurisdiction over ZF AG are limited to the following. First, that ZF AG maintains a place of business at an address in Farmington Hills, Michigan; second, that all defendants have a regular place of business in and engage in continuous, systematic, and substantial activities in the Eastern District of Michigan; and third, that all defendants "have committed infringing acts giving rise to Stoneridge's claim for patent infringement within and directed to" the Eastern District of Michigan. ECF No. 1, PageID.2-3.

As to the first allegation (the only one made against ZF AG specifically), Mr. Way attests in his declaration that the facility at the Farmington Hills address is actually owned and operated by one of ZF AG's subsidiaries, not by ZF AG itself. ECF No. 19-1, PageID.124-25. Regarding the latter allegations, Way attests that ZF AG does not systematically and continuously conduct business in Michigan, and does

not "make, use, sell, offer for sale, or import the accused products in this case" in the Eastern District of Michigan or the United States. *Id.*

On this record, it may be that ZF AG has some contacts with Michigan. However, Stoneridge's current jurisdictional allegations against ZF AG are insufficient to show that Stoneridge's claim arises out of any such contacts. This becomes clear in view of the statements made by Way in his sworn declaration. When a defendant submits affirmative evidence in the form of sworn testimony refuting allegations of jurisdiction, "mere allegations of jurisdiction are not enough." *Parker v. Winwood*, 938 F.3d 833, 840 (6th Cir. 2019). Instead, a plaintiff must "set forth, by affidavit or otherwise, specific facts showing jurisdiction." *Id.*

Stoneridge has not done so. Beyond the allegation that ZF AG maintains a facility in Farmington Hills—specifically refuted by Way—the complaint does not allege with particularity any conduct on ZF AG's part. Nor does the complaint point to specific facts supporting the general allegation that ZF AG carries on substantial activities in Michigan or has committed infringing acts within or directed to Michigan. Accordingly, as to Defendant ZF AG only, Stoneridge's complaint will be dismissed without prejudice for lack of personal jurisdiction. Stoneridge may amend its jurisdictional allegations if it is able to do so.

### b. Whether claim 16 of the '415 Patent is indefinite is properly considered at the claim construction stage, not on a motion to dismiss.

A patent's claims must "particularly point[] out and distinctly claim[] the subject matter which" a patent applicant regards as her invention. 35 U.S.C. § 112 ¶ 2.[1] Defendants contend that claim 16 of the '415 Patent fails to satisfy that standard and is therefore indefinite. Claim 16 is the only claim specifically asserted in the Complaint. A patent is invalid for indefiniteness if its claims, "read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014).

Defendants point out that although claim 16 refers to "said drive train" it does not actually invoke the term "drive train," and therefore fails to provide an "antecedent basis" to which the term "said drive train" refers. Accordingly, Defendants say, because it is not clear to what component the term refers, claim 16 is indefinite. ECF No. 20, PageID.139. And because claim 16 is the only claim specifically asserted in the Complaint, Defendants argue that total dismissal is warranted. Stoneridge responds that dismissal before claim construction would be

---

[1] 35 U.S.C. § 112 has been amended, but that amendment applies only to patent applications filed on or after September 16, 2012. Accordingly, the Court considers the prior version of the statute because the '415 Patent predates the amendment.

premature because the parties have not yet had an opportunity to present arguments about the proper meaning of claim 16, and the Court has not reviewed any briefing on that question.

Whether a claim is indefinite "is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims." *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999) (citation omitted). That determination, including whether those "skilled in the art would understand the scope of the claim" is "inextricably intertwined" with claim construction. *Id.* at 1378-80. Accordingly, "[a]s indefiniteness depends on claim construction, an issue normally the courts will not consider in resolving a motion to dismiss, courts generally will not hold the claims of a patent indefinite on a Rule 12(b)(6) motion to dismiss." Robert A. Matthews, Jr., 4 *Annotated Patent Digest* § 23:25.100 (available on Westlaw, database last updated Oct. 2022) (collecting cases).

The ZF Entities point to no analogous case where, because of a missing antecedent basis, a court has dismissed a patent lawsuit at the pleading stage based on the indefiniteness of the claims before any claim construction briefs were filed. Defendants do point to one case where that issue was considered on a motion to dismiss. But there, the parties had already submitted claim construction briefs and the district court had heard "extensive oral argument" over three days and more than seven hours on the disputed terms. *In re TLI Commc'ns LLC Pat. Litig.*, 87 F.

Supp. 3d 773, 782 (E.D. Va. 2015), aff'd, 823 F.3d 607 (Fed. Cir. 2016). Indeed, in the very case Defendants cite as an example of how a missing antecedent basis can render a claim indefinite, the court made that determination at the claim construction stage, not on a motion to dismiss. *See Bushnell Hawthorne, LLC v. Cisco Sys.*, Inc., 813 F. App'x 522, 524-25 (Fed. Cir. 2020).

Defendants seek to avoid this result by arguing that the missing antecedent basis presents an obvious error, and that because various possible reasonable corrections could be made, the Court cannot correct the error. Defendants contend that "none of Stoneridge's cited cases involves an obvious error that requires correction." ECF No. 29, PageID.279. But other courts have not treated similar purported indefiniteness the way Defendants suggest. For example, in *Bushnell Hawthorne*, a court was faced with precisely this issue—a missing antecedent basis—and considered the issue at claim construction, not as an "obvious error" on a motion to dismiss. 813 F. App'x at 524-25.

Ultimately, arguments about whether the omission is an obvious drafting error, whether that error may be corrected by the Court, and whether the lack of an antecedent basis for the term "said drive train" renders the patent indefinite are arguments closely intertwined with claim construction. So those issues will be addressed at the claim construction stage of the litigation. The Complaint will not be dismissed on the ground that claim 16 is indefinite.

### c. Must the Complaint be dismissed for failure to plead compliance with the statutory "marking" requirement?

A patentee that practices a patent may not recover damages for pre-suit infringement unless the patentee either (1) has marked her patented products as patented on the products themselves or; (2) can show proof that the infringer received notice of its infringement and continued to infringe. 35 U.S.C. § 287(a). In the latter circumstance, the patentee can only recover damages for infringement occurring after an infringer has notice. *Id.* A patentee must plead and prove that she has complied with § 287(a)'s requirements.

The ZF Defendants contend that Stoneridge has not pled compliance. Stoneridge responds that it is not required to comply with § 287(a) because there were no products to mark; Stoneridge says it does not practice the '415 Patent.[2]

The Federal Circuit has explained that a patentee may recover past damages where "the proper patent notice appears on products or where there are no products to mark." *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002) (abrogated on other grounds by *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005)). Put another way, "there is no obligation to mark if a 'patented article' does not exist." *SSL*

---

[2] Stoneridge also argues that when patent claims are directed to a method, a patentee need not plead compliance with the marking statute. But because the '415 Patent does not appear to be directed to a method, that argument is unpersuasive.

13

*Servs., LLC v. Citrix Sys., Inc.*, 940 F. Supp. 2d 480, 487 (E.D. Tex. 2013), aff'd, 769 F.3d 1073 (Fed. Cir. 2014); *RSA Protective Techs., LLC v. Delta Sci. Corp.*, 2021 WL 4987357, at *11 (C.D. Cal. Oct. 20, 2021) ("If the patentee or its licensees have not made products under the patent, then § 287(a) does not apply, *i.e.*, does not limit damages to the time after notice of infringement to the alleged infringing party.").

Although Stoneridge says that it does not currently practice the '415 Patent, and although a patentee who has *never* practiced the patent in question is not required to mark nonexistent products, that is not the end of the Court's inquiry. That is because if a patentee at one point sells unmarked products then stops selling any products practicing the patent, the patentee may be precluded from recovering damages for the period after sales of the unmarked products ceased despite the fact that there were no products to mark after sales stopped. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). Accordingly, if Stoneridge at one time sold unmarked products under the '415 Patent but stopped selling them, Stoneridge may be unable to recover damages for the period where no sales were made, even though there were "no products to mark" during that time.

Given the complaint's lack of clarity on this point, and given that courts have required patentees who have never practiced a patent to still allege that they are exempt from § 287(a)'s marking requirement in the

14

complaint,[3] amendment is appropriate to address these issues. *See, e.g., Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 473, 493-94 (D. Del. 2021) (adopting report and recommendation).

Accordingly, Defendants' motions will be granted in part, and Stoneridge's claim for pre-suit damages will be dismissed without prejudice. Stoneridge shall have leave to amend its complaint to clarify whether it has ever sold products practicing the '415 Patent or allowed such products to be sold under license and, if so, when those products were sold and whether they were marked in compliance with § 287(a), and whether Stoneridge is exempt from § 287(a) for any reason, including because it never sold any products practicing the patent or because the '415 Patent is directed to a method.

### III. CONCLUSION

For the foregoing reasons, Defendant ZF Friedrichshafen AG's Motion to Dismiss is **GRANTED**. Claims against ZF Friedrichshafen AG

---

[3] *See Arctic Cat*, 876 F.3d at 1366 (Patentee "bears the burden of *pleading* and proving he complied with § 287(a)'s marking requirement.") (emphasis added); *Pipp Mobile Storage Sys., Inc. v. Innovative Growers Equip., Inc.*, 2022 WL 157491, at *2 (N.D. Ill. Jan. 18, 2022) ("many federal courts have also recently interpreted Federal Circuit case law to require that a patentee plead compliance with" § 287(a)) (collecting cases); *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 2022 WL 118955, at *2 (W.D. Tex. Jan. 12, 2022) ("[a] claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all.") (citation omitted).

are **DISMISSED WITHOUT PREJUDICE** on the basis of lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by the remaining defendants is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **DENIED** with respect to Defendants' indefiniteness arguments. The Motion is **GRANTED** with respect to Plaintiff's claim for pre-suit damages. Plaintiff's claim for pre-suit damages is **DISMISSED WITHOUT PREJUDICE**.

Because this case is proceeding to discovery against all Defendants but for ZF Friedrichshafen AG, and because the claims against ZF Friedrichshafen AG may be revived in an amended complaint, **IT IS FURTHER ORDERED** that the pending Motion to conduct limited expedited discovery (ECF No. 32) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to amend its complaint to address its compliance with § 287(a), the amended complaint shall be filed within thirty days of the date of this Order.

**SO ORDERED.**

Dated: December 8, 2022    s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE