UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **STONERIDGE CONTROL DEVICES, INC.,** | 2:22-CV-10289-TGB-EAS |
| Plaintiff, | HON TERRENCE G. BERG |
| vs. | |
| **ZF NORTH AMERICA, INC., ET AL.,** | **ORDER DENYING STAY AND GRANTING EXPEDITED DISCOVERY (ECF NOS 43, 50)** |
| Defendants. | |

In this patent infringement suit, Plaintiff Stoneridge Control Devices, Inc. has sued companies affiliated with ZF Friedrichshafen AG, a German manufacturer of automotive components. Stoneridge claims that the ZF Defendants are infringing one of Stoneridge's patents. The patent covers an automotive parking brake with an electronic actuator.

Pending now are Stoneridge's motion to take limited discovery, and the ZF Entities' motion to stay this case pending the outcome of an *inter partes* review petition filed before the United States Patent and Trademark Office's Patent Trial and Appeal Board.

Both motions are fully briefed. For the reasons set forth below, Defendants' motion will be denied, and Plaintiffs' motion will be denied

1

as moot, as the parties are ordered to meet and confer to begin the discovery process.

## I.   BACKGROUND

The Court assumes familiarity with the facts of this case, which are recounted in the Court's December 8, 2022 Order resolving Defendants' Motions to Dismiss. *See* ECF No. 36.

Since that Order was entered, the remaining ZF Entities have filed a petition for *inter partes* review ("the IPR petition"), and requested that the case be stayed while the IPR petition is resolved. Stoneridge has filed a motion to conduct limited discovery, and requests permission to serve several subpoenas in an effort to identify other potential infringers of its patent.

## II.   DISCUSSION

Within one year of being served with a complaint, a defendant in a patent infringement suit may petition the United States Patent and Trademark Office to institute an *inter partes* review of the patent's validity. *See* 35 U.S.C. § 311(a); 315(b). The IPR process has two stages. First, the USPTO's Patent Trial and Appeal Board ("PTAB") determines whether to institute an IPR. Next, if an IPR is instituted, the PTAB conducts a trial and issues a final written decision on the patentability of the challenged claims. 35 U.S.C. § 314; 316.

The Defendant ZF Entities have filed such an IPR petition and are asking the Court to stay this case while their petition is pending.

2

Whether a stay is warranted pending the conclusion of the IPR process is "within the sound discretion of the district court." *BOS GmbH & Co. KG v. Macauto USA, Inc.*, 2018 WL 11357925, at *1 (E.D. Mich. Feb. 13, 2018) (citation omitted).

Courts consider three factors when determining whether to stay after an IPR petition is filed: (1) whether the stay will simplify the issues in the case or conserve judicial resources; (2) whether the stay will prejudice or create a tactical disadvantage for the non-moving party; and (3) whether discovery has already been completed and whether a trial date has been set. *Id.*

### *A. Simplification of the issues*

The ZF Entities argue that most IPR petitions are instituted, and that most of those petitions, in turn, lead to the invalidation of at least some claims in the challenged patent. They also point out that the European counterpart to the '415 Patent at issue in this lawsuit was invalidated in its entirety by the European Patent Office's equivalent of the IPR process. *See* Euro. Pat. Off. Decision., ECF No. 43-3. Finally, the ZF Entities argue that, if the case proceeds, there is "considerable risk that the Court will waste valuable time and money on overlapping and potentially inconsistent litigation." ECF No. 43, PageID.602.

Stoneridge responds that the IPR process is in its infancy, and the PTAB has not yet decided whether to institute an IPR. It points out that the PTAB will not make an institution decision for at least a month, and

that any final decision on patentability is at least a year away if an IPR is instituted.

If the PTAB does institute an IPR, that decision would likely simplify the issues for trial in this case. The ZF Entities have challenged the entirety of the single patent-in-suit. Should Defendants' prevail in the IPR process, it could "dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014). Even if the patent is not invalidated in its entirety, an IPR review "need not dispose of a case completely to simplify the issues of a case." *Serv. Sols. U.S., L.L.C. v. Autel.US Inc.*, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28, 2015). As the ZF Entities point out, even if the entire '415 Patent is not invalidated, the issues for trial in this case will be narrowed if some of the patent's claims are narrowed, and Defendants will be estopped from raising validity arguments that they raised or could have raised during the IPR process.

Although an IPR decision invalidating one or more of the challenged claims would simplify the issues to be decided in litigation, if an IPR is not instituted, or if the PTAB determines that all the claims at issue are patentable, the IPR will have little effect on this case. Because it remains uncertain whether an IPR will be instituted at all, this factor currently weighs against a stay. *See Magna Elecs., Inc. v. Valeo, Inc.*, 2015 WL 10911274, at *1-2 (E.D. Mich. Sept. 30, 2015); *Macauto USA*,

4

2018 WL 11357925, at *1 (denying stay without prejudice and instructing Defendants to renew motion after IPR institution).

### B. Prejudice

The ZF Entities contend that Stoneridge will not be unfairly prejudiced by a stay because (1) the '415 patent expired before this case was filed, and so any damages are already fixed; (2) the IPR petition was promptly filed; and, (3) any delay is fixed at a maximum of approximately eighteen months, as IPR petitions are required by statute to be completed within twelve months of institution.

Stoneridge counters that it will suffer prejudice in two ways. First, because it will be denied its "right to determination of its claims without undue delay." ECF No. 46, PageID.748. Second, it would be prevented from pursuing the discovery it needs to identify other potentially infringing parties.

Stoneridge's first claim of undue prejudice deserves little weight. As the ZF Entities point out, a stay always entails some delay. *Horizon Glob. Americas Inc. v. Curt Mfg., LLC*, 2019 WL 8750416, at *7 (E.D. Mich. Dec. 14, 2019), report and recommendation adopted, 2020 WL 1303212 (E.D. Mich. Mar. 18, 2020) (citation omitted). And here, the universe of damages—at least with respect to the already-named defendants—is fixed. Because the patent is expired, no new damages are accruing. Stoneridge identifies no undue prejudice that would result from a delay in damages being awarded. *See VirtualAgility*, 759 F.3d at 1318

5

("A stay will not diminish the monetary damages to which [the plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages[.]").

Additionally, there is no suggestion that the ZF Entities delayed in filing an IPR petition. The defendant in a patent infringement suit may file an IPR petition within one year of being served with a complaint for infringement. 35 U.S.C. § 315(b). The initially-sued ZF Entities were served on March 17, 2022. *See* Certificates of Service, ECF Nos. 11, 12, 13, 14, 15, 16. The IPR petition was filed eight months later, in November, 2022. By contrast, Stoneridge did not file this lawsuit until the patent at issue had expired. Stoneridge's "delay in filing this action contradicts its position that it would be unduly prejudiced by the additional delay of a stay." *Cequent Performance Prod., Inc. v. Hopkins Mfg. Corp.*, 2015 WL 1510671, at *3 (E.D. Mich. Apr. 1, 2015).

Stoneridge's second claim of prejudice is that, without discovery, it will be unable to identify other infringing defendants without discovery. Because damages are only available for infringement committed within six years of the filing of a complaint, Stoneridge argues that its potential recovery against yet unnamed defendants is shrinking by the day. *See* 35 U.S.C. § 286. In its prior motion for limited discovery, Stoneridge represented that it sought to use this information to add additional defendants to this currently pending suit. And Stoneridge maintains that it has exhausted all reasonable efforts to identify which of the ZF Entities

6

is responsible for the infringement or determine whether the appropriate ZF Entities have been named in this suit.

It is true that the six-year limit imposed by § 286 will serve to restrict recovery on any claims Stoneridge may bring against defendants who have not yet been sued. But Stoneridge does not address the interplay of § 286 and Federal Rule of Civil Procedure 15(c), which allows an amended pleading to "relate back" to an earlier-filed complaint. *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1368-69 (Fed. Cir. 2019). Though the Court expresses no opinion on the applicability of that doctrine to the particular facts here, it may well serve to mitigate some of the potential for lost damages about which Stoneridge complains, at least with respect to any additional ZF Entities. Accordingly, this factor weighs slightly in favor of granting a stay.

### C. Stage of the case

The ZF Entities argue that granting a stay early in the case will preserve judicial resources and save the parties time, money, and effort. As the Honorable Arthur J. Tarnow of this district observed in another patent case, "the more activity remains" to be done in a case, "the more activity might be rendered moot by the IPR decisions." *Gentherm Canada, Ltd. v. IGB Auto., Ltd.*, 2015 WL 804657, at *3 (E.D. Mich. Feb. 26, 2015). When a case has made significant progress towards a trial and the Court and the parties have already devoted time and resources to the dispute, this factor counsels against a stay.

7

But as Judge Tarnow further noted in *Gentherm*, most of those resources will be conserved anyway unless the IPR decision completely invalidates the patent. *Id.* So long as the IPR decision is issued before the parties file their dispositive motions, the implications of the PTAB's decision and analysis can be incorporated into those motions—unless, of course, the PTAB invalidates the patent entirely. *Id.*

This case is not very far along. Although the Court has ruled on Defendants' Motions to Dismiss, no trial date or briefing schedule for claim construction has yet been set. Complete invalidation of the patent in the IPR process would moot any remaining claims. Accordingly, this factor weighs in favor of a stay. *See, e.g.*, *Cequent*, 2015 WL 1510671, at *2; *Autel*, 2015 WL 401009, at *2 (E.D. Mich. Jan. 28, 2015). At the same time, as noted, no IPR has yet been instituted.

In view of the above factors, a stay is likely warranted if an IPR is instituted. But until such time, the mere speculative prospect that an IPR *may* be instituted is no reason to forestall the limited discovery requested by Plaintiff. Accordingly, a stay will be denied without prejudice to revisiting the issue if and when an IPR is instituted. The parties are therefore directed to meet and confer as required by Federal Rule of Civil Procedure 26(f) to discuss a schedule to complete the discovery requested by Plaintiff within 10 days of the date of this Order.

8

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Stay is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to conduct limited discovery is **GRANTED** subject to the schedule to be determined by the parties after conferring as directed.

**SO ORDERED.**

Dated: May 10, 2023       s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE